ROBERT E. BELSHAW, ESQ. (SBN 142028)
Of Counsel
GUTIERREZ & ASSOCIATES
244 California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 398-2385
Facsimile: (415) 398-5800

Attorneys for JP Morgan Chase Bank, N. A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HALSEY | Case No. C08 1335 EMC |
| Plaintiff, | **ANSWER OF DEFENDANT JP MORGAN CHASE BANK, N. A.,** |
| v. | |
| JP MORGAN CHASE BANK, N. A., AND DOES ONE THROUGH FIFTY, | |
| Defendant. | |

Defendant, JP Morgan Chase Bank, N. A. (hereinafter collectively "Defendant") answers the complaint of James Halsey as follows:

1. Defendant lacks information and belief as to the identities of the parties sued herein as DOE ONE through DOE FIFTY and on that basis denies the allegations in this paragraph of the Complaint.

2. Defendant lacks information and belief as to the identities of the parties sued herein as Does and on that basis denies the allegations in Paragraph 2 of the Complaint.

3. The allegations in Paragraph 3 of the Complaint are conjunctive/disjunctive and too ambiguous for Defendant to affirm or deny, and Defendant therefore denies, on lack of information and belief, the allegations in Paragraph 3 of the Complaint.

4. Defendant admits that JP Morgan Chase Bank, N. A. is a federally chartered

- 1 -
**CASE NO. CV 08 1335**

national association that does business in this judicial district and denies the remaining allegations in the Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint and specifically denies that Chase Home Equity Correspondents is a corporation or any form of independent business entity, but lacks sufficient information and belief to admits or denies the remaining allegations in Paragraph 5.

6. Defendant lacks information and belief as to the identities of the parties sued herein as DOES 1-25 and on that basis denies the allegations in Paragraph 6 of the Complaint.

7. Defendant admits that Rick Kradel was employed by JP Morgan Chase Bank, N.A. and denies each and every remaining allegation in Paragraph 7 of the Complaint.

8. Defendant lacks information and belief as to the identities of the parties sued herein as DOES 26-50 and on that basis denies the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegation in Paragraph 9 of the Complaint that venue in this District court is proper

10. Defendant admits that subject matter jurisdiction exists for this district court.

11. Paragraph 11 of the Complaint contains only legal conclusions which Defendant neither admits nor denies.

12. Defendant admits that Plaintiff filed a charge of race discrimination with the California Department of Fair Employment and Housing within one year of the alleged discriminatory acts and delivered a Notice of Case Closure letter to Defendant.

13. Defendant admits that Plaintiff was hired and was expected to work out of his home, and denies the remaining allegations in Paragraph 13 of the complaint.

14. Defendant lacks information and belief as to the allegations set forth in Paragraph 14 of the Complaint and on that basis denies said allegations.

15. Defendant denies each and every allegation in Paragraph 15 of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint

17. Defendant denies each and every allegation in Paragraph 17 of the Complaint.

18. Defendant denies each and every allegation in Paragraph 18 of the Complaint.

19. Defendant admits the allegations set forth in Paragraph 19.

20. Defendant admits that Rick Kradel stated to Plaintiff that Plaintiff was drowsy and falling asleep during training, and denies each and every remaining allegation in Paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff sent an email on August 9, 2007 and denies each and every remaining allegation in Paragraph 21 of the Complaint.

22. Defendant admits that it did not know Plaintiff was disabled and denies each and every remaining allegation in Paragraph 22 of the Complaint.

23. Defendant admits that Rick Kradel intended to have dinner with a number of Defendant's employees on or about August 9, 2007, and denies each and every remaining allegation in Paragraph 22 of the Complaint.

24. Defendant denies each and every allegation in Paragraph 24 of the Complaint.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant admits that on August 25, 2006 Rick Kradel informed Plaintiff that he was terminated, and denies each and every allegation in Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff sent an email to Rick Kradel and copied additional employees of Defendant in which Plaintiff stated his belief that his termination was motivated by Kradel's discriminatory attitudes towards gay men. Defendant denies each and every remaining allegation in Paragraph 27 of the Complaint.

## FIRST CAUSE OF ACTION

### Discrimination-- FEHA

28. Defendant hereby incorporates the denials and admissions in Paragraphs 1 through 27 above as if set forth in full.

29. Defendant denies each and every allegation in Paragraph 29 of the Complaint.

30. Defendant denies each and every allegation in Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation in Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation in Paragraph 33 of the Complaint.

34. Defendant denies each and every allegation in Paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION

### "Failure to Take Reasonable Steps to Prevent Discrimination" –FEHA

35. Defendant hereby incorporates the denials and admissions in Paragraphs 1 through 34 above as if set forth in full.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.
37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.
38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.
39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.
40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.
41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

## THIRD CAUSE OF ACTION

### "Failure to Make a Reasonable Accommodation"--FEHA

42. Defendant hereby incorporates the denials and admissions in Paragraphs 1 through 41 as if set forth in full.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.
44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.
45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.
46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.
47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.
48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.
49. Defendant denies each and every allegation in Paragraph 49 of the Complaint.

## FOURTH CAUSE OF ACTION

### "Failure to Engage in Interactive Process"--FEHA

50. Defendant hereby incorporates the denials and admissions in Paragraphs 1 through 49 as if set forth in full.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

## FIFTH CAUSE OF ACTION

### "Failure to Take Corrective Action"--FEHA

57. Defendant hereby incorporates the denials and admissions in Paragraphs 1 through 56 as if set forth in full.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

## SIXTH CAUSE OF ACTION

### "Aiding, Abeting and/or Compelling Discrimination" –FEHA

65. Defendant hereby incorporates the denials and admissions in Paragraphs 1 through 64 as if set forth in full.

66. Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71. Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

### SEVENTH CAUSE OF ACTION
### Wrongful Termination

73. Defendant hereby incorporates the denials and admissions in Paragraphs 1 through 72 as if set forth in full.

74. The allegations in this paragraph consist exclusively of contentions of law, which Defendant neither denies nor admits.

75. Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77. Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78. Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

### EIGHTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

80. Defendant hereby incorporates the denials and admissions in Paragraphs 1 through 79 as if set forth in full.

81. Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

82. Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83. Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84. Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

### AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

As and for first, separate and distinct affirmative defense to said Complaint, the Defendant allege that the Complaint, and each claim for relief therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

As and for a second, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, by the applicable statute of limitations including, without limitation, Code of Civil Procedure §§ 335.1, 338, 339, Government Code § 12900, *et seq.,* 42 U.S.C 2000e-5 (f)(1), 29 CFR 1601.28 (e) (1)

**THIRD AFFIRMATIVE DEFENSE**

As and for a third, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

As and for a fourth, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

As and for a fifth, separate and distinct affirmative defense to said Complaint, the Defendant allege that by reason of the Plaintiff's own acts and failures to act, the Plaintiff has waived any right to recovery from the answering Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

As and for a sixth, separate and distinct affirmative defense to said Complaint, the Defendant allege that by reason of the Plaintiff's own acts and failures to act, the Plaintiff is estopped to assert any right to recovery from the answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

As and for a seventh, separate and distinct affirmative defense to said Complaint, the

Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, due to the Plaintiff's failure to exercise reasonable care in reducing or mitigating any damages suffered.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth, separate and distinct affirmative defense to said Complaint, the Defendant allege that the Defendant' alleged actions were not in violation of any public policy embodied in California law.

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, to the extent the damages, losses, or injuries alleged in the Complaint are non-economic damages within the meaning of Civil Code § 1431.2 and were caused, or causally contributed to, by the acts or omissions of one or more third parties for which these answering Defendant are neither responsible nor liable.

### TENTH AFFIRMATIVE DEFENSE

As and for a tenth, separate and distinct affirmative defense to said Complaint, the Defendant allege that on information and belief, the Plaintiff has received reimbursement or other compensation for all or part of the damages, losses or injuries alleged in the Complaint; consequently, the amount of any damages that the Plaintiff may recover against the answering Defendant must be diminished *pro tanto*.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, because the conduct of the Defendant was justified or privileged under the circumstances, including conduct of individuals within their managerial capacity in protecting the interests of the answering Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

As and for an twelfth, separate and distinct affirmative defense to said Complaint, the

Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, because the Defendant' conduct was reasonable in response to legitimate business necessity.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, because the Plaintiffs' employment was at will within the meaning of Labor Code § 2922.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, for failure to properly exhaust administrative remedies for discrimination claims, including those required by Government Code § 12960, *et seq*. and 42 U.S.C. 2000e-2000e-17.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, due to Plaintiff's wrongful conduct as an employee, including after-acquired evidence of misconduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, to the extent the Worker's Compensation Act provides the exclusive remedy for the Plaintiffs' claims or injuries.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth, separate and distinct affirmative defense to said Complaint, the Defendant allege that the recovery sought by the Plaintiff in the Complaint is barred, in whole or in part, because the alleged statements by the Defendant were privileged under Civil Code § 47.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As and for a eighteenth, separate and distinct affirmative defense to said Complaint, the

1  Defendant allege that they took reasonable care to prevent and/or correct the acts complained of in
2  the Complaint, and that the Plaintiff failed and refused to take advantage of the preventative and/or
3  corrective opportunities provided by the Defendant, or otherwise avoid the harm complained of.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth, separate and distinct affirmative defense to said Complaint, the Defendant allege that the Defendant presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. The Defendant reserve the right to assert additional affirmative defenses in the event investigation and discovery indicate that they would be appropriate.

WHEREFORE, the Defendant pray for judgment as follows:

1. That the Plaintiff take nothing by reason of the Complaint herein;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That the Defendant be awarded its costs of suit, including reasonable attorneys' fees to the extent permitted by law; and
4. For such other and further relief as the Court deems proper.

DATED: _____     GUTIERREZ & ASSOCIATES

By: _____
Robert E. Belshaw
Attorneys for JP Morgan Chase Bank N.A.