1  CHRISTOPHER B. DOLAN (SBN 165358)
   SHAWN R. MILLER (SBN 238447)
2  THE DOLAN LAW FIRM
   1438 Market Street
3  San Francisco, CA 94102
4  Telephone: (415) 421-2800
   Facsimile: (415) 421-2830
5
   SCOTT BONAGOFSKY (SBN 190255)
6  1 Market Street
   Steuart Tower, Suite 1600
7  San Francisco CA 94105
8  Telephone: (415) 882-1555
   Facsimile: (415) 882-1551
9
   Attorneys for Plaintiff JAMES HALSEY
10
11 ROBERT E. BELSHAW, ESQ. (SBN 142028)
   Of Counsel
12 GUTIERREZ & ASSOCIATES
   244 California Street, Suite 300
13 San Francisco, CA 94111
   Telephone: (415) 398-2385
14 Facsimile: (415) 398-5800
15
   Attorneys for Defendant JP MORGAN CHASE BANK, N. A.
16
17                    **UNITED STATES DISTRICT COURT**
18                    **NORTHERN DISTRICT OF CALIFORNIA**
19

| | |
|---|---|
| JAMES HALSEY | ) Case No. 08-CV-01335 JSW |
| | ) |
| Plaintiff, | ) |
| | ) **JOINT CASE MANAGEMENT** |
| v. | ) **STATEMENT (Civ. L.R. 16-9; Standing** |
| | ) **Order for All Judges of the Northern** |
| JP MORGAN CHASE BANK, N. A., AND | ) **District of California)** |
| DOES ONE THROUGH FIFTY, | ) |
| | ) |
| Defendant. | ) |

- 1 -
**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. CV 08 01335 JSW**

1. <u>Jurisdiction and Service:</u>   This Court has original jurisdiction under 28 U.S.C. 1332. The matter was removed to this Court by JP Morgan Chase Bank N.A. ("JPMC") pursuant to 28 § 1441 (b). It is a civil action between the citizens of different states and the amount in controversy exceeds $75,000.00.  JPMC has answered the Complaint. Defendant Chase Home Equity Correspondents is not a separate entity, but is a business division within JPMC.  Rick Kradel, formerly named as a defendant, was dismissed prior to removal.

2. <u>Facts:</u>

This is a state law based employment discrimination action under the California Fair Employment & Housing Act, Cal. Government Code section 12940, et seq. Plaintiff alleges Defendant discriminated against him on the basis of disability, HIV positive status, and/or actual or perceived sexual orientation.  Plaintiff is homosexual and suffers from HIV.  Plaintiff revealed his HIV positive status to his direct supervisor via email correspondence after he was accused of being lethargic during a company training event.  Plaintiff indicated that his doctor confirmed the medications he was taking for HIV might make him appear lethargic.  Shortly thereafter, Plaintiff was excluded from previously planned activities with his supervisor and co-workers.  Within a week of revealing his HIV positive status, Plaintiff's employment with JPMC was terminated.

Defendant contends that Plaintiff was hired on June 5, 2006, as an account executive (sales position) who was expected to work from home. He was terminated during his 90 day introductory period after repeatedly demonstrating an inability to work remotely and independently. At the onset of his employment, Plaintiff was required to attend training sessions.  He was late for training sessions, caused others to be late for client meetings, departed training sessions early, text mailed with his back to the instructor, slept through group training sessions, was missing for an entire day during an Industry Conference, and failed to return emails in a timely fashion. Plaintiff was terminated for valid, non discriminatory reasons. It was subsequently discovered that over five hundred pornographic images had been downloaded from the internet to the JPMC laptop that had been issued to Plaintiff, which is an independent grounds for termination under JPMC personnel rules.

- 2 -
**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. CV 08 01335 JSW**

Plaintiff disputes Defendants' contentions that Plaintiff was fired for legitimate, non-discriminatory reasons, and disputes that the alleged misconduct was the reason for his termination.

3.  <u>Legal Issues:</u>  There appear to be no contested legal issues at this time. Rather, this case turns on factual disputes.  Plaintiff contends his termination was the result of unlawful discrimination. Defendant asserts Plaintiff's termination was for legitimate non-discriminatory reasons.  There may be contested legal issues that appear later, as this case progresses.

4.  <u>Motions:</u>  Defendant and Plaintiff anticipate a summary judgment/summary adjudication motion following discovery.

5.  <u>Amendment of Pleadings:</u>  The parties do not anticipate any immediate amendment of the pleadings and suggest as a deadline sixty days prior to the date set for the discovery cut-off.

6.  <u>Evidence Preservation:</u>  All documents and other communications relevant to this action have been preserved by JPMC and by Plaintiff.

7.  <u>Disclosures:</u> Counsel conferred initially on May 21, 2008.

Plaintiff has made his initial disclosures as required by Rule 26(a).  Plaintiff disclosed the identities of James Halsey, Rick Kradel, Victoria Firestone, Eloise Cookson, Lisa Jelinski, and Pat Sutton, Jamie Dimon, Kimberly Salvo, Corrine Walker, Jamie Meringer, and Andrew Ripps (all employees of JPMC who are believed to have knowledge regarding Plaintiff's claims) and Dr. Todd Sutton, M.D., Plaintiff's physician at Kaiser Permanente, who has knowledge of Plaintiff's HIV status and the effects of his HIV medication.  Plaintiff produced documents relating to his complaint with the Department of Fair Employment and Housing, his termination by JPMC, his work at JPMC, and documents relating to his disability.  Plaintiff also disclosed his damages claimed, including lost wages (past and future) in the approximate amount of $181,250, plus future wage loss of approximately $1.1 million (net present value of the difference between Plaintiff's expected compensation with JPMC for ten years, reduced by the value of the compensation from his current employment).  Plaintiff also disclosed that he is claiming emotional distress in an amount according to proof at trial.  The amount sought at trial for emotional distress

- 3 -
**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. CV 08 01335 JSW**

will exceed $1 million. Plaintiff also disclosed that he is seeking an award of punitive damages against Defendant JPMC.

Defendant JPMC will make its initial disclosures prior to the Case Management Conference. Plaintiff anticipates the need for a change in the limitations on discovery contained in the Federal Rules, as described below in Section 8, Discovery.

8. Discovery: No discovery other than initial disclosures has been undertaken to date. The parties anticipate that discovery will consist of investigating the factual basis underlying the plaintiff's allegations of discriminatory motives, and the facts supporting Defendant's contentions that the decision to terminate the plaintiff motivated by a legitimate business purpose and supported by after acquired evidence. Plaintiff anticipates discovery regarding (a) Plaintiff's employment history, (b) wage and benefits provided to Plaintiff, (c) the facts and circumstances surrounding the termination of Plaintiff's employment, (d) Defendant's hiring and termination practices, and (e) Defendant's employment practices and policies. Plaintiff also anticipates discovery of Defendant JPMC's financial condition, to support an award for punitive damages.

Plaintiff requests the limit of Interrogatories be increased to 40. The parties also request permission to propound the "Form Interrogatories – Employment" and "Form Interrogatories – General" promulgated by the California Judicial Council, and that such Form Interrogatories will not count against the 40 Interrogatory maximum. The parties propose June 5, 2009, as the cut-off date for non-expert-witness discovery.

9. Class Actions: This case is not a class action.

10. Related Cases: None.

11. Relief: Plaintiff claims damages for lost wages, future wage loss, emotional distress, and punitive damages, as well as injunctive relief to prevent Defendant JPMC from engaging in future discriminatory conduct. Defendants contend that in the event liability is established, damages are limited to payment for the one month period commencing with Plaintiff's termination and ending with the discovery of the pornographic images downloaded by Plaintiff onto his JPMC-issued computer pursuant

- 4 -
**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. CV 08 01335 JSW**

to the after- acquired evidence doctrine . Defendants further contend that any calculation in damages must provide credit for the severance package which was offered to plaintiff.

Plaintiff disputes Defendant's right to a "credit" for a severance package that was not accepted.

12.   Settlement and ADR:  The parties have stipulated to mediation pursuant to Local Rule 6. Mediation is scheduled for October 15, 2008, with mediator Eileen Barker.  If this case does not settle at mediation, Plaintiff requests a settlement conference and respectfully declines to consent to the trial judge acting as the settlement judge.

13:   Consent to Magistrate Judge for All Purposes: Defendant has declined to proceed before a magistrate judge.

14.   Other References: None.

15.   Narrowing of Issues: Defendant anticipates bringing summary judgment/summary adjudication motions on both the retaliation and discrimination claims.

16.   Expedited Schedule: This case does not appear appropriate for an expedited schedule.

17.   Scheduling:  The parties propose the following pretrial dates:

Designation of Experts – March 13, 2009

Non-Expert Discovery Cut Off – June 5, 2009

Expert Discovery Cut- Off July 1, 2009

Pre-Trial Conference – July 22, 2009

Dispositive Motion Dates - 60 days before trial – July 23, 2009

Trial Date: September 21, 2009

18.   Trial: Both parties request a jury trial, which they anticipate will take approximately 10 to 15 court days.

19.   Defendant will file "Certification of Interested Entities or Persons" pursuant to Rule 3-16 disclosing that. JP Morgan Chase Bank N.A. is a publicly traded corporation and no individual or entity owns more than ten percent of its stock.

Dated: August 22, 2008                    GUTIERREZ & ASSOCIATES


                                          /s/Robert Belshaw
                                          Robert Belshaw
                                          Attorneys for Defendant


                                          THE DOLAN LAW FIRM
Dated: August 22, 2008

                                          /s/ Shawn R. Miller
                                          Shawn R. Miller
                                          Attorneys for Plaintiff

                                          SCOTT BONAGOFSKY, ATTORNEY AT LAW
Dated: August 22, 2008

                                          /s/ Scott Bonagofsky
                                          Scott Bonagofsky
                                          Attorneys for Plaintiff

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. CV 08 01335 JSW**